Filed 7/11/16  P. v. Deas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CODY DAYNE DEAS,<br><br>    Defendant and Appellant. | E064984<br><br>(Super.Ct.No. RIF1501402)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Richard T. Fields, Judge. Affirmed.

Raymond M. DiGuiseppe, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant pled guilty to second degree commercial burglary after the effective date of Proposition 47. He appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.18.[1] We affirm.

### FACTS AND PROCEDURE

On March 10, 2015, defendant stole a laptop computer from a Costco store. On April 2, 2015, the People filed a felony complaint charging defendant with second degree commercial burglary (§ 459) and grand theft (§ 487, subd. (a)). The People alleged defendant had two prior strike convictions (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(A)) a prior prison term conviction (§ 667.5, subd. (b)).

On April 13, 2015, defendant pled guilty to the burglary charge and admitted one of the strike convictions.

On May 12, 2015, the trial court sentenced defendant per the plea bargain to 32 months in state prison.

On June 12, 2015, defendant filed a handwritten petition for resentencing, in which he stated "I believe I am eligible for Prop 47. I was not made aware of Prop 47 during court and would like to apply for resentencing. I am in prison for 2nd degree burglary. Non-violent Non-serious – Prop 47."

On November 20, 2015, the People responded that defendant was not entitled to relief because "Plea was after Prop 47 and [defendant] failed to meet burden of proving

_____

[1] Section references are to the Penal Code except where otherwise indicated.

2

value under $950.  Ct 2 alleged value over $950.  Police report indicates [defendant] entered into a conspiracy to steal laptops at Costco = $1,299.98."

On December 16, 2015, the court denied the petition.

This appeal followed.

## DISCUSSION

Upon defendant's request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.  We have now concluded our independent review of the entire record and find no arguable issues.  (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

## DISPOSITION

The superior court's order denying in part defendant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____

P. J.

We concur:

HOLLENHORST _____

J.

SLOUGH _____

J.

3